IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHNATHAN MALLORY, and others
so similarly situated

        Plaintiffs,

vs.

CONCORD STATION LLP, a Florida Limited
Liability Partnership, as the Pre-Transfer Club
Owner of Concord Station Club, and ASSOCIATION
LAW GROUP, PL, a Florida Limited Liability
Company, and BAS-ALG, LLC, a Florida Limited
Liability Company.

        Defendants.
_____/

CASE NO.: 8:21-CV - 1626
CLASS ACTION
JURY TRIAL
DEMANDED

## COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ., AND THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. § 559.72, ET SEQ.,

Plaintiff, JOHNATHAN MALLORY ("Plaintiff"), files suit against Defendants, CONCORD STATION LLP, a Florida Limited Liability Partnership ("CONCORD"), as the Pre-Transfer Club Owner of Concord Station Club, and ASSOCIATION LAW GROUP, PL, a Florida Limited Liability Company ("ALG"), and BAS-ALG, LLC ("BAS"), a Florida Limited Liability Company, and as grounds therefore states:

## INTRODUCTION

1. Count I and III, respectively, are based on Plaintiff's claims under the Florida Consumer Collections Practices Act, *Fla. Stat. § 559.55, et seq.*, ("FCCPA").

2. Count II is based on Plaintiff's claims under the Fair Debt Collection Practices Act, *15 U.S.C § 1692, et seq.* ("FDCPA").

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over the FDCPA cause of action because this cause of action arises out of a violation of federal law. 47 U.S.C. § 227(b); *Mims Arrow Fin Servs., LLC*, 132 S. Ct. 740 (2012).

4. This court has jurisdiction over the FCCPA cause of action under its supplemental jurisdiction. 28 U.S.C. § 1367.

5. Venue is proper in the United States District Court for the Middle District of Florida because the events giving rise to the Plaintiffs' causes of action originated and occurred within the State of Florida and Defendants conduct business in Pasco County, FL. Moreover, the subject property is located in Pasco County, FL.

## PARTIES

6. Plaintiff is a record owner of real property located in Hillsborough County, Florida.

7. Defendant, ALG, is a Florida limited liability company that, at all times material hereto, is registered with the Florida Division of Corporations to transact business in the state of Florida.

8. Defendant, BAS, is a Florida limited liability company that, at all times material hereto, is registered with the Florida Division of Corporations to transact business in the state of Florida.

9. Defendant, ALG, is engaged in the business of collecting

2

consumer debts, acting as attorneys for various condominium associations and homeowner's associations, from consumers in the state of Florida and Pasco County, Florida.

10. Defendant, BAS is engaged in the business of collecting consumer debts, by and through ALG, by acting as an attorney for various condominium associations and homeowner's associations, from consumers in the state of Florida and Pasco County, Florida.

11. Defendant, CONCORD, is a Florida not-for-profit corporation that, at all times material hereto, is registered with the Florida Division of Corporations to transact business in the state of Florida.

12. Defendant, CONCORD, is engaged in the business of collecting consumer debts, from consumers in the state of Florida and Pasco County, Florida.

## FACTUAL ALLEGATIONS

13. At all times relevant, Defendants, CONCORD, ALG, and BAS conducted business in the State of Florida within this judicial district.

14. Defendant CONCORD engages in debt collection, as defined by the FCCPA, in the State of Florida.

15. Defendant ALG engages in debt collection, as defined by the FDCPA and FCCPA, in the State of Florida.

16. Defendant BAS engages in debt collection, as defined by the FDCPA and FCCPA, in the State of Florida, by and through Defendant ALG and derives profit from same.

17. At no time did Plaintiff enter into a business relationship with Defendant, CONCORD.

18. At no time did Plaintiff enter into a business relationship with Defendant, ALG.

19. At no time did Plaintiff enter into a business relationship with Defendant, BAS.

20. Plaintiff allegedly, pursuant to communications received from Defendant, CONCORD, owes a consumer debt as that term is defined by both the FDCPA and FCCPA.

21. Plaintiff is a consumer as that term is defined by both the FDCPA and the FCCPA.

22. Defendant, CONCORD, is a debt collector as that term is defined by the FCCPA.

23. Defendant, ALG, is a debt collector as that term is defined by both the FDCPA and the FCCPA.

24. Defendant, BAS, is a debt collector as that term is defined by both the FDCPA and the FCCPA.

25. Within the last year, Defendant, CONCORD, attempted to collect consumer debts from Plaintiff.

26. Within the last year, Defendant, ALG, attempted to collect consumer debts from Plaintiff.

27. Within the last year, Defendant, BAS, attempted to collect consumer debts from Plaintiff.

28. Defendant, CONCORD, regularly collects, or attempts to collect, debts owed or due or asserted to be owed or due another.

29. Defendant, ALG, regularly collects, or attempts to collect, debts owed or due or asserted to be owed or due another.

30. Defendant, BAS, regularly collects, or attempts to collect, debts owed or due or asserted to be owed or due another.

31. During the course of its attempts to collect debts owed, either directly or through an agent, or due or asserted to be owed or due another,

Defendant, CONCORD, acting through its agents, sent Plaintiff bills, statements, or other correspondence, via the mail or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

32. During the course of its attempts to collect debts owed, either directly or through an agent, or due or asserted to be owed or due to another, Defendant, ALG, sent Plaintiff bills, statements, or other correspondence, via the mail or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

33. During the course of its attempts to collect debts owed, either directly or through an agent, or due or asserted to be owed or due to another, Defendant, BAS, sent Plaintiff bills, statements, or other correspondence, via the mail or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

34. Defendant, CONCORD, acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

35. Defendant, ALG, acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

36. Defendant, BAS, acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

37. Plaintiff's alleged debts to all Defendants arise from transactions for personal, family, and household purposes as Plaintiff purchased this property to initially serve as his homestead, owner-occupied, residence. Said debt, namely association dues, arose from that purchase.

38. Specifically, Plaintiff purchased property on or about August 2013.

39. Said property was subject to Defendant, CONCORD's, governing rules which purportedly allowed for the collection of "club dues."

40. Said documents allow for the collection of assessments with the property and these assessments represent a consumer debt that is incurred for family, household, or personal reasons.

41. Said assessments represent a way for the Association to pay its common expenses.

42. Regardless of how property is titled each unit owner is liable for this debt.

43. These assessments are to be due monthly on the first of each month.

44. If a payment is late by 30 days, it shall bear interest at a rate of 10%.

45. This declaration is clear, that enforcement of that declaration shall be by action against any person either to restrain violation or to recover damages. *See ¶ 13*.

46. On April 20, 2021, Defendant, CONCORD, by and through ALG and BAS, sought to collect allegedly unpaid club dues from Plaintiff. *See true and correct copy of Collection Letter as Exhibit 1*.

47. In that initial communication, ALG sent a written communication identifying unpaid club dues dating back to April 2013, interest through August 15, 2016, Attorney's Fees of $6975.19, and indicated a total amount due of $9211.33.

48. This letter indicated that if the full amount is not paid within 45 days from the date of receipt of that letter, that a lien would be filed against

6

the property by CONCORD, by and through BAS and/or ALG.

49. This letter then gave a NOTICE REGARDING THE FAIR DEBT COLLECTION PRACTICES ACT, indicating that BAS and/or ALG would assume the debt was valid if nothing was received in 30 days after the receipt of the letter disputing the debt.

50. At no point in this initial correspondence was the Plaintiff advised that a portion of this debt was from a period of time outside of the statute of limitations.

51. At no point in this correspondence was the Plaintiff told that the payment of all or any of the amount could toll the statute of limitations.

52. At no point in this initial communication was the Plaintiff told that a lawsuit could not be initiated for the debt in question.

53. Based on these communications, Plaintiff has suffered actual damages as a result of Defendants actions by virtue of having to pay the costs associated with the defense of the state court litigation and to retain counsel therein.

## CLASS ACTION ALLEGATIONS

54. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 – 53 of this Complaint as though fully set forth herein.

55. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated ("the Class"). Plaintiff, and those individuals who would comprise the anticipated class, can satisfy the pre-requisites of Fed. R. Civ. P. 23(a-b).

56. Plaintiff represents and is a member of a Class, consisting of all persons within the state of Florida who, within one year prior to the filing of this Complaint, have been contacted in writing by Defendant, ALG and/or

BAS, seeking to collect debts that were time-barred by the applicable statute of limitations and said correspondence contained no notice that said debts were uncollectible by legal action.

57. Plaintiff represents, and is a member of a Class, consisting of all persons within the state of Florida who, within one year prior to the filing of this Complaint, have been contacted in writing by Defendant, ALG, seeking to collect debts that were time-barred by the statute of limitations and sought to induce consumers to enter into settlement agreements or payment without warning the consumer that to do so could toll and revitalize time-barred debts.

58. Plaintiff represents, and is a member of a Class, consisting of all persons within the state of Florida who, within one year prior to the filing of this Complaint, have been contacted in writing by Defendant, BAS, seeking to collect debts that were time-barred by the applicable statute of limitations and said correspondence contained no notice that said debts were uncollectible by legal action.

59. Plaintiff represents, and is a member of a Class, consisting of all persons within the state of Florida who, within one year prior to the filing of this Complaint, have been contacted in writing by Defendant, BAS, seeking to collect debts that were time-barred by the statute of limitations and sought to induce consumers to enter into settlement agreements or payment without warning the consumer that to do so could toll and revitalize time-barred debts.

60. Plaintiff represents, and is a member of a Class, consisting of all persons within the state of Florida who, within one year prior to the filing of this Complaint, have been contacted in writing by Defendant, CONCORD, seeking to collect debts that were time-barred by the applicable statute of

limitations and said correspondence contained no notice that said debts were uncollectible by legal action.

61. Plaintiff represents, and is a member of a Class, consisting of all persons within the state of Florida who, within one year prior to the filing of this Complaint, have been contacted in writing by Defendant, CONCORD, seeking to collect debts that were time-barred by the statute of limitations and sought to induce consumers to enter into settlement agreements or payment without warning the consumer that to do so could toll and revitalize time-barred debts.

62. By virtue of this assertion, the possibility of inconsistent or varying adjudications with respect to individual class members can occur. Specifically, based on the proper notices given to respective class members, and without the acknowledgment that the debts are not collectable by legal action or the disclosure that a payment of sums requested could toll a statute of limitations, class members could potentially end up paying, or being found liable, for debts that are time-barred under the applicable statute of limitations.

63. Defendants and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the class, but believes that the Class members' number exceeds 50, if not more. Thus, this matter should be certified as a Class action for the purposes of judicial economy and efficiency and to assist in the expeditions litigation of this matter.

64. The estimated size of this class is so numerous that joinder of all members would be impracticable and potentially cost prohibitive.

65. The question of law in this case and the factual allegations asserted herein would be common to all class members.

66. The claims and defenses of both defenses are typical to the matters contained in this cause of action.

67. Undersigned counsel, as well as the Plaintiff, will fairly and adequately protect the interests of this class.

68. Plaintiff and members of the class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through their agents, collected or attempted to collect debts that were barred by the statute of limitations which any payment of same would toll the applicable statute of limitations rendering the debts collectable again, in direct violation of the FDCPA and the FCCPA, as more explicitly enumerated in the counts below. Plaintiff and the class members were damaged thereby.

69. This suit seeks compensatory damages, injunctive relief, as well as statutory damages on behalf of the Class. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

70. The joinder of Class members is impractical due to the large number of class members, and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendants' records or Defendants' agents' records.

71. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

> a. Whether, within one year prior to the filing of this Complaint, Defendants or their agents wrote correspondence to a Class member seeking to collect debts that were time-barred by the


applicable statute of limitations (except those that had been tolled pursuant to Florida law);

b. Whether, within one year prior to the filing of this Complaint, Defendants or their agents, failed to indicate in the written correspondence to a Class member that said debt was not collectable through legal action as a result of the time that had elapsed since the alleged default;

c. Whether, within one year prior to the filing of this Complaint, Defendants, or their agents, filed suit based at least in part on the time-barred debts referenced in the correspondence sent seeking to collect debts; AND

d. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations in addition to statutory damages.

72. As persons who received at least one written correspondence from Defendants seeking to collect debts had an expired statute of limitations that barred collection through legal means, Plaintiff is asserting claims that are typical of this class. During the one-year period prior to the filing of this Complaint, Defendants were engaged in a pattern and practice of contacting members of the class in connection with a debt that was time-barred for collection through legal action. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

73. Plaintiff and members of the Class have all suffered irreparable harm as a result of the Defendants unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without

remedy and Defendants will likely continue such illegal conduct. Because of the relatively small size of the individual claims, few, if any Class members could afford to seek individual legal redress for the wrongs complained of herein.

74. Plaintiff has retained counsel experienced in handling claims involving violations of the Fair Debt Collection Practices act and the Florida Consumer Collection Practices Act.

75. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with Federal and Florida law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants are small because the maximum statutory damages in an individual action pursuant to FDCPA and the FCCPA, as more explicitly enumerated in the counts below, is minimal. Management of these claims is likely to present significantly fewer difficulties than those present in many class claims.

76. As Plaintiff, and on behalf of the class, has requested injunctive relief to bar Defendants from attempts to collect time-barred debts in the manner contained by these allegations, and subject to further discovery Defendants have continued or will continue to collect debts in the manner referenced in this Amended Complaint until court intervention, this relief is appropriate to the class as a whole.

## COUNT I – VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES AGAINST CONCORD

77. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 76 of this Complaint as though fully set forth herein.

78. Defendant, CONCORD violated FCCPA § 559.72(9) by

claiming, attempting, or threatening to enforce a debt when Defendant knew that the debt was not legitimate as a portion of same was time-barred by the applicable statute of limitations *Fla. Stat. 95.11(2)(b).*

79. Defendant, CONCORD violated FCCPA § 559.72(9) by asserting the existence of a legal right to collect the debt, or a portion thereof, when Defendant knew the right to collect said debt did not exist.

80. Defendant, CONCORD violated FCCPA § 559.72(9) by including language in its initial communication, through counsel, that sought payment of the amounts in question without providing written notice that any payment on the amounts alleged would toll the statute of limitations and revitalize a time-barred debt.

81. As a direct and proximate cause of Defendant, CONCORD's, debt collection activities, Plaintiff has suffered damages – both actual and statutory. In addition to statutory damages, Plaintiff has suffered actual damages as the amount alleged by Defendant, CONCORD, far exceeds the amount actually due and owing. Due to the collection practice, Plaintiff has had to defend a state law action that seeks amounts that are not accurate and has incurred costs including mailing, time off of work, etc.

WHEREFORE, Plaintiff, JOHNATHAN MALLORY, requests that this Court award the following relief in favor of Plaintiff against the Defendant, CONCORD:

 a. Actual damages as prescribed by statute;

 b. The maximum amount of statutory and/or additional damages provided under Fla. Stat. § 559.77(2).

 c. Reasonable attorney's fees and the costs of this action; and

 d. Such other and further relief as this Court may deem just and proper.

## COUNT II – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AGAINST ALG AND BAS

80. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 76 of this Complaint as though fully set forth herein.

81. Defendants, ALG and BAS, violated FDCPA 15 U.S.C § 1692(e)(2)(a) by falsely representing the character, amount, or legal status of the Debt, in its letters attached to this Complaint, to Plaintiff as same were time-barred under Florida law.

82. Defendants, ALG and BAS, violated FDCPA 15 U.S.C § 1692(e)(2)(a) by falsely representing the character, amount, or legal status of the Debt by indicating that it was entitled to foreclose within thirty days of its August 25, 2017 letter, despite bringing litigation purportedly under Fla. Stat. 720.3085(5) which required a 45 day period.

83. Defendants, ALG and BAS violated FDCPA 15 U.S.C. § 1692(f) by attempting to induce the Plaintiff into settlement or payment on time-barred debts without disclosing that the payment of any sum could potentially revitalize or otherwise toll said debt.

84. As a direct and proximate result of Defendants', ALG and BAS, failure to comply with the FDCPA as set forth above, the Defendants are liable to Plaintiffs for payment of damages as set forth in 15 U.S.C. 1692k.

85. In addition to statutory damages, Plaintiff has suffered actual damages as the amounts alleged by Defendant, BAS and ALG, far exceeds the amount actually due and owing in the form of emotional distress.

WHEREFORE, Plaintiff, JOHNATHAN MALLORY, requests that this Court award the following relief in favor of Plaintiff against the Defendants, ALG and BAS:

    a. Actual damages sustained by Plaintiff;

    b. The maximum amount of statutory additional damages provided under 15 U.S.C 1692k;

    c. Reasonable attorney's fees and the costs of this action; and

    d. Such other and further relief as this Court may deem just and proper.

## COUNT III – VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES AGAINST ALG and BAS

90. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 76 of this Complaint as though fully set forth herein.

91. Defendants, ALG and BAS, violated FCCPA § 559.72(9) by claiming, attempting, or threatening to enforce a debt when Defendant knew that the debt was not legitimate as a portion of same was time-barred by the applicable statute of limitations *Fla. Stat. 95.11(2)(b)*.

92. Defendants, ALG and BAS, violated FCCPA § 559.72(9) by asserting the existence of a legal right to collect the debt, or a portion thereof, when Defendant knew the right to collect said debt did not exist.

93. Defendants, ALG and BAS violated FCCPA § 559.72(9) by including language in its initial communication to the Plaintiff, that sought a settlement or payment of the amounts in question without providing written notice that any payment on the amounts alleged would toll the statute of limitations and revitalize a time-barred debt.

94. As a direct and proximate cause of Defendants, ALG and BAS, debt collection activities, Plaintiff has suffered damages – both actual and statutory. In addition to statutory damages, Plaintiff has suffered actual damages as the amount alleged by Defendant, BLG, far exceeds the amount actually due and owing. Due to the collection practice, Plaintiff has had to

defend a state law action that seeks amounts that are not accurate and has incurred costs including mailing, time off of work, etc.

WHEREFORE, Plaintiff, JOHNATHAN MALLORY, requests that this Court award the following relief in favor of Plaintiff against the Defendants, ALG and BAS:

a. Actual damages as prescribed by statute;

b. The maximum amount of statutory and/or additional damages provided under Fla. Stat. § 559.77(2);

c. Injunctive relief which permanently bars Defendant, ALG, from future violations under Fla. Stat. § 559.72(2);

d. Reasonable attorney's fees and the costs of this action; and

e. Such other and further relief as this Court may deem just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff respectfully request a jury trial on all issues so triable.

Respectfully submitted,

OWEN & DUNIVAN, PLLC
Attorneys for Defendant(s).
615 W. De Leon St.
Tampa, FL 33606
Phone: 813.502.6768
Email: bdunivan@owendunivan.com
eservice@owendunivan.com

By: [signature]
Bryant H. Dunivan Jr., Esq.
Fla. Bar No.: 102594

16